UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DON BARI                                                    JURY TRIAL DEMANDED

v.                                                                  CASE NO. 3:09CV

EARL M. TEMCHIN

## COMPLAINT

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant is an attorney who regularly engages in collection of consumer debts from individuals.

6. Defendant engaged in efforts to collect from plaintiff a personal account originating with Karate Universe.

7. On May 14, 2009, defendant sent plaintiff the attached letter.

8. The attached letter did not did accurately state the amount of the debt, in that it included an unexplained amount in excess of the May 9, 2009 invoice from Karate Universe.

9. The attached letter did not properly provide plaintiff with the notices required by §1692g(a) and demanded payment "within ten (1) days" despite the fact that the time frame of §1692g is 30 days from receipt of the demand letter. <u>Chauncey v JDR Recovery Corp.</u>, 118 F. 3d 516 (7th Cir. 1997).

10. In the course of the collection, defendant violated §1692e, -f(1) or -g.

11. Defendant violated the FDCPA as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt;

(c) Using unfair means to collect or attempt to collect an alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(f) That the Court grant such other and further relief as may be just and proper.

PLAINTIFF,

BY **/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

# SCHETTINO AND TEMCHIN

ATTORNEYS AT LAW
18 PECK STREET
NORTH HAVEN, CONNECTICUT 06473
(203) 239-6699
FAX (203) 239-0188

JOSEPH E. SCHETTINO, JR.
EARL M. TEMCHIN

May 14, 2009

CLINTON (860) 669-4122

SOUTHINGTON OFFICE:
51 NORTH MAIN STREET, 2-F
SOUTHINGTON, CT 06489
(860) 621-4352
FAX (203) 239-0188

Via Certified Mail # 7005 2570 0002 0010 0700
Return Receipt Requested
Mr. Don Bari
Mrs. Kathy Bari
9 Geneva Road
Norwalk, CT 06850

RE:   Karate Universe - U.S.A., Inc.
      Our File: 2531-068

Dear Mr. and Mrs. Bari:

This firm represents Karate Universe - U.S.A., Inc. We have been engaged to collect the balance of $1,424.99 now due and owing in full as a result of your breach of the contract between Kathy Bari and our client. As you know, you have failed to timely remit the installment payment due for May 3, 2009. Your contract balance may then become due and payable in full at the discretion of our client. You are hereby notified that Karate Universe - U.S.A., Inc. has elected to accelerate the debt, pursuant to your contract.

To avoid further legal collection activity which may include the institution of a lawsuit to recover all sums due and owing including collection costs, also pursuant to your contract, please remit the sum of $1,424.99 within ten (10) days. Payment should be forwarded to this office at 18 Peck Street, North Haven, CT 06473. Your check may be made payable to Karate Universe - U.S.A., Inc.

Your letter dated to Karate Universe dated May 10, 2009 has been forwarded to the undersigned by Mr. Theodorides for legal review. While your contract with Karate Universe does contain a termination provision should you move your family residence to a location greater than twenty-five (25) miles from Karate Universe, you have provided no evidence that you have done so. With the greatest respect, a photocopy of a real estate title deed recorded in August of 2008, approximately seven months prior to the execution of the Karate Universe contract, does not indicate relocation of your residence. Material evidence of such relocation would be, for example, proof of enrollment in the local school system and/or proof of the sale of your Norwalk home together with a completed contract with an interstate moving company. Therefore, our client, at this point in time, denies that you have relocated to California.

Additionally, your stream of email correspondence to our client is of late, repetitive and harassing. Kindly refrain from further communications of such nature. If you wish to discuss this matter further, you or your legal representative may certainly contact the undersigned. Thank you for your attention to these matters.

AS THE CREDITOR'S ATTORNEYS, WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WHICH WE OBTAIN WILL BE USED FOR COLLECTION PURPOSES. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

Very truly yours,

Earl M. Temchin

cc:   Karate Universe by fax transmission to 1-203-849-0810;
      Addressee via regular U.S. mail